# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-917V

| | |
|---|---|
| RICHARD K. PARKER, | **UNPUBLISHED** |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: June 19, 2019 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.
*Sarah C. Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 7, 2017, Richard K. Parker ("Petitioner") filed a petition for compensation with the National Vaccine Injury Compensation Program,[2] alleging that he suffered Parsonage-Turner syndrome ("PTS") as a result of a pneumococcal 13-valent conjugate (Prevnar-13) vaccination he received on November 21, 2014. Pet., ECF No. 1 at 1.

On May 1, 2019, Petitioner filed an application for interim attorneys' fees and costs requesting a total of $8,939.85 for work performed from January 27, 2016 through July 12, 2017. *See* Fees App., ECF No. 36.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent filed a response to Petitioner's application on May 13, 2019. Fees Resp., ECF No. 38.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires [R]espondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds that he "defers to [me] to determine whether or not petitioner has met the legal standard for an award of interim fees and costs" in this case.  *Id.* at 2.  Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* (citing 42 U.S.C. § 300aa-15(e)(1)(A)-(B)).  Additionally, Respondent "requests that [I] exercise [my] discretion and determine a reasonable award for attorney's fees and costs." *Id.* at 3.  Respondent has not raised any issue with respect to reasonable basis. *See generally* Fees Resp.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application, awarding a total of **$8,254.65** in interim attorneys' fees and costs.

## I. Legal Standard for Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343 (Fed. Cir. 2008).  In *Cloer*, the Federal Circuit noted that "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.  *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).  Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2  Referring to *Avera*, Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id.*

## II. Discussion

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Human Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Human Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). Respondent did not raise any objection to the good faith or reasonable basis for this claim. *See* Fees Resp. I find the petition was filed in good faith and with a reasonable basis. As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

Petitioner requests a total of $8,939.85 in attorneys' fees and costs incurred while Petitioner's counsel was with the Rawls Law Group. *See* Fees App. At this point, this claim has been pending for nearly two years. Further, Petitioner's counsel transitioned to his new law firm, Sands Anderson, a few weeks after the complaint was filed and has indicated that he does not intend to seek additional attorneys' fees and costs until the conclusion of this case. *Id*. at ¶3. Thus, I find it reasonable to award interim costs at this time.

### A. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests that his attorney, Dr. Ramon Rodriguez, be compensated at the rates of $375.00 per hour for work performed in 2016 and $383.00 per hour for work performed in

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

2017. Fees App. at 10. Petitioner also requests that Dr. Rodriguez's paralegals be compensated for their work performed on the case in 2016 at $140.00 per hour and in 2017 at $145.00 per hour. *Id.* These rates are consistent with what Dr. Rodriguez and his associates have previously been awarded. *See Heagney v. Sec'y of Health & Human Servs.*, No. 16-601V, 2019 WL 1375931 (Fed. Cl. Spec. Mstr. Mar. 7, 2019); *Zdroik v. Sec'y of Health & Human Servs.*, No. 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017); *Musto v. Sec'y of Health & Human Servs.*, No. 11-801V, 2017 WL 1150797 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Otto v. Sec'y of Health & Human Servs.*, No. 14-698V, 2017 WL 7051131 (Fed. Cl. Spec. Mstr. Jul. 6, 2017); *Will v. Sec'y of Health & Human Servs.*, No. 16-244V, 2017 WL 7360353 (Fed. Cl. Spec. Mstr. Aug. 3, 2017); *Chynoweth v. Sec'y of Health & Human Servs.*, No. 13-721V, 2017 WL 6892900 (Fed. Cl. Spec. Mstr. Oct. 30, 2017); *Churchwell v. Sec'y of Health & Human Servs.*, No. 14-798V, 2017 WL 4585771 (Fed. Cl. Spec. Mstr. Sept. 12, 2017); *Jones v. Sec'y of Health & Human Servs.*, No. 15-906V, 2017 WL 6816708 (Fed. Cl. Spec. Mstr. Dec. 13, 2017). Accordingly, no adjustment to the requested rates is warranted.

### B. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).

Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728– 29 (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Petitioner has provided a breakdown of hours billed and costs incurred while at Rawls Law Group. I find the hours to be largely reasonable, but a small reduction is necessary due to paralegals billing for administrative tasks, such as organizing and formatting documents and otherwise preparing them for filing. *See* Ex. 44 at 2-5, ECF No. 36-1 (entries totaling 3.8 hours on 3/16/16, 3/29/16, 4/11/16, 4/15/16, 4/27/16, 6/16/16, 7/16/16, 9/26/16). I will reduce the

amount of fees billed by paralegal Lisa Robertson in 2016 by 3.8 hours, or **$532.00**.

Additionally, Dr. Rodriguez billed for review of CM/ECF notifications, even when those notifications were prompted by Petitioner's own filings. *Id*. I find that billing 0.1 hours, or six minutes, for review of each such notification is excessive. *Id*. at 8 (entries totaling 0.4 hours on 7/10/17 and 7/12/17). Accordingly, I will reduce the amount of fees billed by Dr. Rodriguez in 2017 by 0.4 hours, or **$153.20**.

### C. Reasonable Costs

Petitioner requests a total of $494.85 in costs, which includes obtaining medical records, postage costs, and the Court's filing fee. I have reviewed these costs, including the supporting documentation, and I find them all to be reasonable. They shall be reimbursed in full.

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, **I GRANT IN PART** Petitioner's application for interim fees and costs and award:

A lump sum in the amount of **$8,254.65**, representing reimbursement of Petitioner's interim attorneys' fees and costs, in the form of a check jointly payable to Petitioner and Rawls Law Group.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

Any questions regarding this Order may be directed to my law clerk, Ahmed Almudallal, by email at Ahmed_Almudallal@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.