# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-917V**

| | |
|---|---|
| RICHARD K. PARKER, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | Special Master Jennifer A. Shah<br>Filed: June 26, 2026 |

*Ramon Rodriguez, III*, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.
*Sarah Christina Duncan*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 7, 2017, Richard K. Parker, ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("the Vaccine Program"). ECF No. 1 ("Pet."). The petition alleged that Petitioner developed Parsonage-Turner syndrome ("PTS") as a result of a pneumococcal 13-valent conjugate ("Prevnar 13") vaccine he received on November 21, 2014. *Id.* at 1-2. The petition alternatively alleged that the subject vaccination significantly aggravated preexisting PTS. *Id.* at 2.

Former Special Master Katherine E. Oler conducted an entitlement hearing on April 11-

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

12, 2023, at which Petitioner, his wife, and Drs. Steinman, Carr, Leist, Abrams, and Maverakis testified. Minute Entry dated 4/12/2023; Tr. at 3-4, 190-91. After the hearing, the parties filed additional materials. Exs. 77, L. The parties filed post-hearing briefs on July 5, September 5, and November 7, 2023. EFC Nos. 106, 107, 109.

Both parties agreed that the record was complete on November 13, 2023. ECF No. 110. This case was reassigned to me on August 13, 2024. ECF No. 112. On July 7, 2025, I issued a decision denying entitlement and dismissing the petition. ECF No. 121.

On October 31, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 125 ("Fees App."). Petitioner requests a total of $50,997.50 for attorneys' fees and costs. *Id.* at 6, 11. Petitioner affirmed that he did not incur any personal costs. Ex. 81. Respondent responded to the motion on November 13, 2025, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." ECF No. 127 ("Fees Resp.") at 2. Petitioner filed a reply brief on November 20, 2025. ECF No. 128 ("Fees Reply").

This matter is now ripe for consideration.

## I. Legal Standards

Section 15(e)(1) of the Vaccine Act permits a special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act; furthermore, even if they are unsuccessful, they are eligible for such an award so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

If a petitioner is eligible for an award of fees and costs, it is "well within the special master's discretion" to determine the reasonableness of such fees and costs. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

Reasonable hourly rates for attorneys' fees are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of proving that the requested hourly rate is reasonable. *Id.*

### A. Good Faith

The good faith requirement is assessed through a subjective inquiry. *Di Roma v. Sec'y of*

*Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). The requirement "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

**B. Reasonable Basis**

Unlike the good faith inquiry, a reasonable basis analysis requires more than just evaluating a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). "[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).

Although the Vaccine Act does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id.* at 286; *see* 42 U.S.C. § 300aa-13(a)(1) (special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion"). The *Chuisano* Court agreed that a petition that relied only on temporal proximity and a petitioner's affidavit did not have a reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y of Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y of Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

The Federal Circuit has clarified that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

When determining if a reasonable basis exists, a special master may consider a number of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018). This approach allows the special master to

look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Good Faith and Reasonable Basis

Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Fees Resp. at 2. On May 19, 2025, I issued a decision awarding interim attorney's fees and costs, finding that the petition was "filed in good faith" and that "Petitioner ha[d] maintained a reasonable basis for his claim." ECF No. 118 at 4-5. Moreover, an entitlement hearing was held in this case with testimony from multiple experts. Minute Entry dated 4/12/2023; Tr. at 3-4, 190-91. I conclude this case was brought in good faith and maintained a reasonable basis.

### B. Attorneys' Fees

Petitioner requests a total of $14,847.50 in attorneys' fees, consisting of $7,499.50 for Sands Anderson PC ("Sands Anderson") and $7,348.00 for Siri & Glimstad LLP ("Siri & Glimstad").[3] Fees App. at 6; Fees Reply at 3.

1. Reasonable Hourly Rate

As noted, a reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 895 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the reasoning of *McCulloch* and issues an annual Fee Schedule based on that decision.[4]

Petitioner requests compensation for Dr. Ramon Rodriguez III, counsel, for work performed while at his prior law firm, Sands Anderson, at the following hourly rates: $510.00 for

---

[3] In early 2025, Petitioner's counsel, Dr. Ramon Rodriguez III, changed firms from Sands Anderson to Siri & Glimstad. Fees App. at 4 ("On January 31, 2025, counsel for Petitioner left employment at [Sands Anderson], and on February 1, 2025, transitioned his practice to Siri & Glimstad. . .")

[4] The 2015-2026 Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

work performed in 2024; and $563.00 for work performed in 2025. Fees App. at 6; Fees Reply at 3. Petitioner also requests compensation for Dr. Rodriguez's paralegals while at Sands Anderson at a rate of $195.00 per hour for work performed in 2024. *Id*. Additionally, Petitioner requests compensation for Dr. Rodriguez for work performed at his current law firm, Siri & Glimstad, at a rate of $563.00 per hour for work performed in 2025; as well as compensation for paralegal work at Siri & Glimstad at a rate of $210.00 per hour for work performed in 2025. *Id*.

Dr. Rodriguez's requested rate for work performed in 2024 is consistent with what he has previously been awarded and is in accordance with the Office of Special Masters' Fee Schedule; however, his requested rate for 2025 requires adjustment, as it is inconsistent with what he has previously been awarded. *See Bodie v. Sec'y of Health & Hum. Servs.*, No. 19-1351V, 2025 WL 2650579, at *3 (Fed. Cl. Spec. Mstr. Aug. 20, 2025) (awarding Dr. Rodriguez a rate of $510.00 for work performed in 2024); *Coriale v. Sec'y of Health & Hum. Servs.*, No. 24-0328V, 2026 WL 473150, at *1 (Fed. Cl. Spec. Mstr. Jan. 16, 2026) (approving Dr. Rodriguez's "proposed rate of $547.00 for work performed in 2025"); *Massie v. Sec'y of Health & Hum. Servs.*, No. 24-662V, 2026 WL 459222, at *4 (Fed. Cl. Spec. Mstr. Jan. 20, 2026) (reducing Dr. Rodriguez's requested rate of $563.00 for work performed in 2025 to $547.00). Accordingly, the 2025 rate for Dr. Rodriguez will be reduced to his previously awarded rate of $547.00. This results in a $184.00 reduction.[5]

As for the paralegal rates, I find that the requested paralegal rates are reasonable, based on the Office of Special Masters' Fee Schedule and what Dr. Rodriguez's staff have previously been awarded. *See Bodie*, 2025 WL 2650579, at *3 (awarding a rate of $195.00 for paralegal work performed in 2024); *Massie*, 2026 WL 459222, at *4 (awarding a rate of $210.00 for paralegal work performed in 2025).

2. <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. *Broekelschen*, 102 Fed. Cl. at 729. Instead, the special master may make a global reduction to the total amount of fees requested. *See Hines*, 22 Cl. Ct. at 753 ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec.

---

[5] Applying Dr. Rodriguez's previously awarded rate of $547.00 for work performed in 2025 results in a $184.00 reduction (Sands Anderson reduction: $563.00 - $547.00 = $16.00 x 0.50 hrs. = $8.00); (Siri & Glimstad reduction: $563.00 - $547.00 = $16.00 x 11 hrs. = $176.00).

Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary due to time billed for administrative and clerical tasks. Some entries also were block billed, meaning non-compensable administrative tasks were indistinguishably billed together with compensable tasks. Most of these entries bill for reviewing filing notices or formatting exhibits. *See* Exs. 83-84. Examples include (but are not limited to):

- November 5, 2024: 0.30 hours billed by Ms. Nicole G. Dernelle-Ruhlow, paralegal: "*Format* exhibits 78-80 for filing with the court";

- December 2, 2024: 0.20 hours billed by Dr. Ramon Rodriguez: "Draft, proof, *format*, and file reply to response to second motion for interim fees and costs (2.0); *Review* United States Court of Federal Claims *notice of filing reply brief* [document number 116] (0.1)";

- August 5, 2025: 0.10 hours billed by Dr. Ramon Rodriguez: "*Review* United States Court of Federal Claims *notice of filing*."

*Id*. (emphasis added). These issues have previously been raised with Dr. Rodriguez and his colleagues, including in this case. *See Parker v. Sec'y of Health & Hum. Servs.*, No. 17-917V, 2025 WL 1836689, at *5 (Fed. Cl. Spec. Mstr. May 19, 2025) (applying a flat $500.00 reduction for billing for administrative and clerical tasks); *Quinones v. Sec'y of Health & Hum. Servs.*, No. 11-154V, 2023 WL 6464905, at *2-3 (Fed. Cl. Spec. Mstr. Aug. 2, 2023) (reducing fees by $6,000.00 for billing for clerical tasks and billing for travel at Dr. Rodriguez's full hourly rate). Because these tasks were performed by multiple individuals over a two-year period and billed at different hourly rates, I will apply a flat $900.00 deduction from the requested attorneys' fees for these charges.[6]

Accordingly, I award Petitioner a total of **$13,763.50** in attorneys' fees.[7]

[6] Sands Anderson's reduction is $300.00; Siri & Glimstad's reduction is $600.00.

[7] For Sands Anderson, Petitioner is awarded $7,191.50, reflecting Petitioner's $7,499.50 request for attorneys' fees for Sands Anderson minus the $8.00 reduction for Dr. Rodriguez's work in 2025 and the $300.00 reduction for billing for administrative tasks ($7,499.50 - $8.00 - $300.00 = $7,191.50). For Siri & Glimstad, Petitioner is awarded $6,572.00, reflecting Petitioner's $7,348.00 request for attorneys' fees

### C. Reasonable Costs

Petitioner requests a total of $36,150.00 in attorneys' costs for Sands Anderson for Dr. Steinman's expert costs in this case. Fees App. at 6; Fees Reply at 3; Ex. 82. Dr. Steinman billed 31 hours at a rate of $500.00 per hour for work performed in 2018 and 2019, and he billed 43 hours at a rate of $550.00 per hour for work performed in 2020 and 2023. Ex. 82 at 4. Dr. Steinman has been awarded his requested hourly rates by other special masters, and I see no reason to disturb his request. *See Noorani v. Sec'y of Health & Hum. Servs.*, No. 16-970V, 2022 WL 780828, at *6 (Fed. Cl. Spec. Mstr. Jan. 20, 2022) (awarding Dr. Steinman a rate of $500.00 per hour for work performed in 2018 and 2019); *Mason v. Sec'y of Health & Hum. Servs.*, No. 17-1383V, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (granting Dr. Steinman a "slight rate increase" from $500.00 to $550.00). I find the overall number of hours Dr. Steinman worked on this case to be reasonable, and I will award his expert costs in full.

I award Petitioner a total of **$36,150.00** in attorneys' costs.

## III. Conclusion

Accordingly, I **GRANT IN PART** Petitioner's application and award the following:

- Petitioner is awarded attorneys' fees and costs in the total amount of **$49,913.50**,[8] to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[9]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

for Siri & Glimstad minus the $176.00 reduction for Dr. Rodriguez's work in 2025 and the $600.00 reduction for billing for administrative tasks ($7,348.00 - $176.00 - $600.00 = $6,572.00).

[8] For Sands Anderson, Petitioner is awarded $43,341.50, reflecting an award of $7,191.50 for attorneys' fees and $36,150.00 for costs. For Siri & Glimstad, Petitioner is awarded $6,572.00 for attorneys' fees.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.